IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF KANSAS

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff / Respondent, | ) | |
| | ) | |
| v. | ) | Case No. 08-10080-WEB |
| | ) | 10-1389-WEB |
| EDUARDO GARCIA GUTIERREZ, | ) | |
| | ) | |
| Defendant / Petitioner. | ) | |

MEMORANDUM AND ORDER

This matter is before the court on the petitioner's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255. For the reasons set forth below, the petitioner's motion is denied.

I. Facts

Petitioner was charged in a one count indictment with illegal reentry subsequent to a conviction for an aggravated felony. On June 11, 2008, petitioner plead guilty pursuant to a plea agreement. Petitioner's plea agreement contained the following paragraph:

> 8. <u>Waiver of Appeal and Collateral Attack</u>. Defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence. The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court. The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *Untied States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)], a motion brought under Title 18, U.S.C. § 3582(c)(2) and a motion brought under Fed.Rule of Civ. Pro 60(b). In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extend, if any, the court departs upwards from the applicable sentencing guideline range determined by

1

> the court. However, if the United States exercises its right to appeal the sentence imposed as authorized by Title 18, U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received as authorized by Title 18, U.S.C. § 3742(a).

On August 25, 2008, petitioner was sentenced to 57 months imprisonment, followed by two years supervised release. Petitioner did not file a direct appeal.

## II. Petitioner's § 2255 Motion

Petitioner raises eight grounds for relief in his motion: (1) trial counsel failed to file a direct appeal as requested by petitioner; (2) ineffective assistance of trial counsel; (3) petitioner's prior conviction for simple possession did not qualify as an aggravated felony; (4) the district court erred in relying upon the unsupported allegations in the presentence report in determining that petitioner's prior offense was an aggravated felony of violence; (5) the district court committed significant procedural error in imposing petitioner's sentence; (6) petitioner's sentence was greater than necessary to effectuate the goals of 18 U.S.C. § 3553(a); (7) custodial sentences are more severe than probatory sentences of equivalent terms; and (8) petitioner is eligible for a downward departure based on grounds of ineligibility for minimum security confinement, drug programs, and pre-release custody. The Government filed a response, requesting the court dismiss the petitioner's motion based on two separate reasons. First, the motion violates the plea agreement. Second, the motion is outside the one year statutory deadline for the filing of such motion, and petitioner has not set forth a basis for equitable tolling.

## III. Discussion

Section 2255(f) establishes a one year statute of limitations for the filing of a habeas petition by a federal prisoner. The limitations period begins to run on "the date on which the

2

judgment of conviction becomes final," 28 U.S.C. § 2255(f)(1), or "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). Petitioner's judgment of conviction became final ten days after entry of judgment since he did not file a direct appeal. (Notice of appeal must be filed within 10 days of the entry of judgment of conviction, Fed.R.App.P. 4(b)(1) (2008)). The judgment in petitioner's case was entered on August 28, 2008, which means the conviction became final on September 11, 2008. Petitioner did not file this motion until November 15, 2010, well past the one year statute of limitations.

Equitable tolling may apply to a section 2255 case. Equitable tolling is appropriate "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000). Equitable tolling is applied only in unusual cicrumstances. Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000).

Petitioner raises two separate arguments in support of equitable tolling. First, petitioner argues that he requested his attorney file a notice of appeal. Second, petitioner argues that since he is challenging the criminal enhancement, the argument is not jurisdictional and may be raised at any point.

Petitioner's claims are barred by the one year statute of limitations. However, the court notes that if petitioner requested his attorney to file a notice of appeal, and his attorney failed to do so, it would be a per se Strickland violation. United States v. Snitz, 342 F.3d 1154, 1155-56 (10th Cir. 2003). In Snitz, the Court found that "a lawyer who disregards specific instruction to perfect a criminal appeal acts in a manner that is both professionally unreasonable and

3

presumptively prejudicial." Id. at 1155-56.

In United States v. Garrett, 402 F.3d 1262 (10th Cir. 2005), the Tenth Circuit discussed the responsibility of counsel to file an appeal when the defendant waived the right to appeal and collaterally attack the sentence and conviction. Garrett argued that he asked his counsel to filed a notice of appeal. His attorney testified that Garrett did not ask for an appeal. The Court found that a criminal defendant is entitled to a delayed appeal if he can establish that he asked his attorney to file an appeal and the attorneys ignored the request, even if the defendant accepted a plea agreement waiving appeal of his conviction and sentence. Id. at 1265, 1266. The Court reviewed a Supreme Court case which held that when a defendant asks his attorney to file an appeal and the attorney fails to follow the instruction, the attorney acts in a manner that is professionally unreasonable. Id. at 1265, citing Roe v. Flores-Ortega, 528 U.S. 470, 477-78, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000).

More recently, in United States v. Harrison, 2010 WL 1225617 (10th Cir. March 31, 2010), the Tenth Circuit affirmed the dismissal of a section 2255 petition, agreeing with the district court that a petitioner must provide some credible testimony that he requested his attorney file an appeal, and his attorney ignored it. The Court relied on Machibroda v. United States, 368 U.S. 487, 495, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962), in which the Supreme Court found that it did not seek "to imply that a movant must always be allowed to appear in a district court for a full hearing if the record does not conclusively and expressly belie his claim, no matter how vague, conclusory, or palpably incredible his allegations may be. The language of § 2255 does not strip the district courts of all discretion to exercise their common sense." Id. at 2. Finally, the Court in Harrison found that a habeas petitioner is not "automatically entitled to an

4

evidentiary hearing merely because he makes a bald allegation that his attorney refused to file an appeal."

Even if petitioner's claim that his counsel was ineffective when he failed to file a direct appeal was not barred by the one year imitation period, the court would not grant a hearing on this issue. Petitioner has failed to assert more than a bare claim that he requested his attorney to appeal. Petitioner must allege credible testimony and specific facts to support his claim. Petitioner has not done so here. The court also notes that petitioner has failed to show how the failure of his trial counsel to file a direct appeal prevented him from timely filing a habeas corpus application.

Petitioner argues that his prior conviction was a simple possession and it was inappropriate to classify it as an aggravated felony. Petitioner argues that "the time limits prescribed for criminal enhancement challenges in Rule 4(b), although mandatory, are not jurisdictional," citing to Daniels v. United States, 532 U.S. 374, 121 S.Ct. 1578 (2001). Therefore, petitioner argues, a challenge to a prior conviction may be brought at any time. However, petitioner's reliance on Daniels is misplaced. In Daniels, the Government sought to enhance the defendant's sentence under the Armed Career Criminal Act. Defendant filed a § 2255 motion, arguing that his sentence was unconstitutional because it was based on prior convictions that were based on guilty pleas that were not knowing and voluntary. The Court found, "[If], however, a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), then that defendant is without recourse. The presumption of validity that attached to the prior conviction at the time

5

of sentencing is conclusive, and the defendant may not collaterally attack his prior conviction through a motion under § 2255. The defendant may challenge a prior conviction as the product of a Gideon violation in a § 2255 motion, but generally only if he raised that claim at his federal sentencing proceeding." Id. at 1583. Petitioner's challenge to his conviction is based on the enhancement. Petitioner is not challenging the prior conviction, but the district court's classification of his prior offense as an aggravated felony. Therefore, Daniels is not applicable. Petitioner did not raise this argument at the time of sentencing, and has not set forth reasons for equitable tolling to apply. Petitioner's argument that the statute of limitations does not apply to a criminal enhancement challenge is not supported by the law. Petitioner was aware of the enhancement at the time of sentencing, and the one year statute of limitations applies to "the date on which the facts supporting the claim or claims presented could have been discovered..." 28 U.S.C. § 2255(f)(4). Petitioner's claims are barred by the statute of limitations, and the petitioner has not set forth grounds for equitable tolling.

IV. Conclusion

    IT IS THEREFORE ORDERED petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 11) is DENIED.

    IT IS FURTHER ORDERED that a Certificate of Appealability under the provisions of 28 U.S.C. § 2253 be DENIED.

    IT IS SO ORDERED this 15th day of April, 2011.

                                                  s/ Wesley E. Brown
                                                Wesley E. Brown
                                                United States Senior District Court Judge